## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

**TERRI G. JOHNSON,**

  **Plaintiff,**

**v.**                                              **Case No:  6:12-cv-123-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

  **Defendant.**

_____

## MEMORANDUM OF DECISION

Terri G. Johnson (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1.  Claimant maintains that the final decision of the Commissioner should be reversed and remanded because the Administrative Law Judge (the "ALJ") erred by failing to: 1) comply with SSR 82-62 when determining that Claimant could return to her past-relevant work as a mortgage clerk; 2) consider certain evidence in determining Claimant's residual functional capacity ("RFC"), including a magnetic resonance imaging ("MRI"), which showed nerve root impingement, and certain objective findings made by a consultative examining physician; and 3) articulate explicit reasons for finding Claimant's subjective statements not credible.  Doc. No. 17 at 1-14. For the reasons set forth below, the final decision of the Commissioner is **REVERSED and REMANDED for further proceedings because the ALJ failed to comply with SSR 82-62 and the determination that Claimant can perform her past-relevant work is not supported by substantial evidence**.

I.      **BACKGROUND.**

Claimant was born on March 26, 1956, and has a twelfth grade education.  R. 123, 194. On February 5, 2008, Claimant filed an application for benefits, alleging an onset of disability date as of April 15, 2004.  R. 123.   Claimant alleges disability due to back, neck, shoulder, left arm and hand pain, secondary to multiple accidents.  R. 33, 60, 62.  Claimant's past-relevant work includes working as a mortgage clerk, identified by Dictionary of Occupational Titles (the "DOT") No. 203.582-066.  R. 50, 196.  In her work history report, Claimant states that her work as a mortgage clerk required her to lift "less than 10 [pounds]" during an eight-hour workday.  R. 203.

II.     **ADMINISTRATIVE PROCEEDINGS.**

Claimant's application was denied initially and upon reconsideration.   R. 55-56. Claimant requested a hearing before an ALJ and, on January 14, 2010, a hearing was held before ALJ Julia D. Gibbs.  R. 27-54.  Claimant and vocational expert (the "VE") James Newton were the only persons to testify at the hearing.  R. 27.  Claimant, who is right handed, testified that she experiences pain in her right arm, but her left arm and hand are always in pain.  R. 46-47. Claimant testified that she can lift a quart of milk with her right hand, but not with her left.  R. 46.

The VE testified that Claimant's past-relevant work as a mortgage clerk, identified by DOT No. 203.582-066, is a semi-skilled, sedentary work.  R. 46. The ALJ asked the VE what the effect the lack of bilateral manual dexterity would have on Claimant's ability to work as a mortgage clerk and the VE responded that a lack of bilateral manual dexterity would have a great impact on Claimant's ability to do that work.  R. 51.  The VE also testified that such limitations

are not consistent "with the way that work is performed." R. 51. Although the ALJ stated that she intended to ask the VE hypothetical questions regarding Claimant's ability to perform sedentary work, the ALJ never posed hypothetical questions to the VE regarding Claimant's ability to perform such work. R. 51-54.[1]

On May 24, 2010, the ALJ issued a decision finding that the Claimant has not been disabled from April 15, 2004 through the date of the decision. R. 14-21. The ALJ determined that Claimant was not disabled from April 15, 2004 through December 13, 2007, because the Claimant had engaged in substantial gainful activity during that time period. R. 16-17. With respect to the time after December 13, 2007, the ALJ found, at step-two, that the Claimant has the following severe impairments: residual effects of back, neck, and shoulder injuries sustained in multiple accidents. R. 17.

The ALJ determined that Claimant retains the RFC to "perform a sedentary work . . . that does not require lifting more than five pounds with her left hand." R. 18. In making the RFC determination, the ALJ found that the medical evidence demonstrates that Claimant "may have some difficulty in lifting with the left upper extremity," and, therefore, the ALJ adopted an RFC that "provides for work at the sedentary level that does not require the [C]laimant to lift more than five pounds with her non-dominant left hand." R. 22. In the decision, the ALJ does not specifically address Claimant's allegations of a lack of bilateral manual dexterity or the VE's testimony that an individual without bilateral manual dexterity could not perform sedentary work. R. 18-12. However, by imposing no such a restriction in the RFC, it is apparent that the ALJ rejected that limitation.

---

[1] The Court notes that at the conclusion of the hearing, the ALJ stated that she would hold the record open for fifteen days in order for the Claimant to provide additional evidence and if no such records were provided that the ALJ "would probably find [Claimant] disabled as of March 2008." R. 53. Although Claimant did submit additional evidence to the ALJ after the hearing, that evidence does not relate to Claimant's condition on or about March of 2008. *See* R. 174-78, 270-71, 365-406.

At step-four, the ALJ made the following findings:

> At the hearing, the [VE] stated that the [C]laimant had past relevant work as a mortgage clerk, DOT 203.582-066, which is classified as semiskilled work at a sedentary level. The [VE] stated that the [C]laimant carried out that work between 2005 and 2007. In comparing the [C]laimant's [RFC] with the physical and mental demands of this work, the [ALJ] finds that the [C]laimant is able to perform it as actually and generally performed.

R. 21 (emphasis added). Thus, the ALJ found that Claimant's RFC permitted her to perform her past-relevant work as actually and generally performed. R. 21. Based upon the ALJ's determination that Claimant can perform her past-relevant work, the ALJ concluded that Claimant is not disabled. R. 21.

On November 22, 2011, the Appeals Council denied Claimant's request for review. R. 1-7. On January 26, 2012, Claimant appealed the Commissioner's final decision in the District Court. Doc. No. 1.

## III.  LEGAL STANDARDS.

### A.  THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. See 20 CFR §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from

> performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B. THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991)).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8

(11th Cir. 2004).

## C.   REMEDIES.

Congress has empowered the District Court to reverse the decision of the Commissioner without remanding the cause.  42 U.S.C. § 405(g)(Sentence Four).  To remand under sentence four, the District Court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence.  *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990));  *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for District Court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt.  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord*, *Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984).  A claimant may also be entitled to an immediate award of benefits where the claimant has suffered an injustice. *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982).  The District Court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences.  *Jackson*, 99 F.3d at 1089-

92, 1095, 1098. Where the District Court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[2]

## IV.   ANALYSIS.

### A.  SSR 82-62.

Claimant argues that the ALJ erred by finding that Claimant retained the ability to return to her past relevant work as a mortgage clerk. Doc. No. 11-13. More specifically, Claimant argues that the ALJ, by failing to make any findings as to the physical and mental demands of Claimant's past work as a mortgage clerk, did not comply with the requirements SSR 82-62. Doc. No. 15 at 15. The Commissioner maintains that substantial evidence supports that ALJ's determination that Claimant can perform her past-relevant work. Doc. No. 18 at 7-9. The Commissioner asserts that because Claimant's work history report indicates that her past-relevant work required lifting less than 10 pounds and the DOT describes the position as sedentary, substantial evidence supports the ALJ's finding at step-four. Doc. No. 18 at 7.

The Commissioner also characterizes the Claimant's argument as maintaining the ALJ erred only by not developing the record with respect to the physical demands of Claimant's past-relevant work as it was actually performed. Doc. No. 18 at 7-8. Therefore, the Commissioner suggests that because the Claimant does not argue that the ALJ with respect the demands of

---

[2] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the District Court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

Claimant's past-relevant work as it is generally performed, any error by the ALJ is harmless because it is undisputed that the ALJ correctly found that Claimant retains the ability to perform her past-relevant work as it is generally performed.

The Court rejects the Commissioner's characterization of Claimant's argument on appeal for two principal reasons.  First, in her memorandum on appeal, the Claimant does not specifically limit her argument to past-relevant work as it was actually performed.  Instead, the Claimant generally argues that the ALJ failed to "make findings regarding the physical demands of the past relevant work as required by the Regulations."  Doc. No. 17 at 11. At times Claimant specifically argues the ALJ failed to inquire about the requirements of her past-relevant work as actually performed, but elsewhere Claimant generally argues the ALJ failed to ascertain the requirements and/or physical demands of Claimant's past-relevant work.  Doc. No. 17 at 11-13. Second, Claimant maintains that the ALJ failed to comply with SSR 82-62, which provides the requirements an ALJ is to follow when determining whether a claimant has the RFC to meet the physical and mental demands of a claimant's past-relevant work, both as it was actually and generally performed.   SSR 82-62.   Therefore, although Claimant's argument is somewhat unclear, because Claimant refers to the requirements of her past-relevant work generally and SSR 82-62 applies to past-relevant work both as it is actually and generally performed, the Court rejects the Commissioner's attempt to more narrowly characterize Claimant's argument.

Turning to the merits of Claimant's argument, SSR 82-62 provides:

> The RFC to meet the physical and mental demands of jobs a claimant has performed in the past (either the specific job a claimant performed or the same kind of work as it is customarily performed throughout the economy) is generally a sufficient basis for a finding of "not disabled."  Past work experience must be considered carefully to assure that the available facts support a conclusion regarding the claimant's ability or inability to perform the functional activities required in this work.

The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work. Determination of the claimant's ability to do PRW requires a careful appraisal of (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the [DOT], etc., on the requirements of the work as generally performed in the economy.

The decision as to whether the claimant retains the functional capacity to perform past work which has current relevance has far-reaching implications and must be developed and explained fully in the disability decision. Since this is an important and, in some instances, a controlling issue, every effort must be made to secure evidence that resolves the issue as clearly and explicitly as circumstances permit. . . .

In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:

1. A finding of fact as to the individual's RFC;

2. A finding of fact as to the physical and mental demands of the past job/occupation; [and]

3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

*Id*. (emphasis added). Thus, SSR 82-62 stresses the importance of developing the record regarding a claimant's past-relevant work and requires a finding of facts as to: 1) the claimant's RFC; 2) the physical and mental demands of the past relevant work; and 3) whether the claimant's RFC would permit a return to the past relevant work. *Id*.

In this case the ALJ determined that Claimant retains the RFC to perform sedentary work with the added restriction of lifting no more than five pounds with her left hand. R. 18. "Sedentary work involves lifting no more than 10 pounds at a time. . . ." 20 CFR § 404.1567(a).

Thus, because Claimant is limited to lifting no more than 5 pounds with her left hand, Claimant does not retain the RFC to perform the full range of sedentary work.  In Claimant's work history report, she states her past-relevant work required her to lift "less than 10 pounds."  R. 203.  The VE testified that Claimant's past-relevant work as a mortgage clerk is sedentary work, but the VE did not provide any testimony as to whether an individual with Claimant's RFC for a reduced range of sedentary work could still perform her past-relevant work as a mortgage clerk, either as it is actually or generally performed.  R. 46-54.

At step-four, the ALJ stated that "[i]n comparing the [C]laimant's [RFC] with the physical . . . demands of [a mortgage clerk], the [ALJ] finds that the [C]laimant is able to perform it as actually and generally performed."  R. 21.  However, other than noting that the position of mortgage clerk is a sedentary position, the ALJ's statement is not supported by any evidence. R. 21.  Thus, the ALJ failed to comply with SSR 82-62's requirement that the finding at step-four be fully developed and explained, and the ALJ's finding that Claimant's RFC would permit the performance of Claimant's past relevant work is not supported by substantial evidence.  *See Johnson v. Astrue*, 2010 WL 1410559 at *10 (S.D. Fla. Apr. 1, 2010) (conclusory finding that claimant can return to past-relevant work is clear error) (citing *Bruet v. Barnhart*, 313 F.Supp.2d 1338, 1346-47 (M.D. Fla. 2004) (holding that the ALJ did not apply the correct legal standards in finding that the claimant could return to her past relevant work because ALJ failed to properly follow SSR 82-62)).  Accordingly, the ALJ's finding that Claimant is capable of performing her past-relevant work is not supported by substantial evidence.

**B.  REMEDY.**

The ALJ's above-stated errors at step-four require reversal. Based on this record, a remand for further proceedings is appropriate because the Court does not find that Claimant is

disabled beyond any doubt or that Claimant has suffered an injustice. *See Davis,* 985 F.2d at 534; *Walden*, 672 F.2d at 840.[3]

V.    **CONCLUSION.**

For the reasons stated above, the final decision of the Commissioner is:

1.    **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g);

2.    The Clerk is directed to enter judgment in favor of the Claimant; and

3.    The Clerk is directed to close the case.

**DONE and ORDERED** in Orlando, Florida on February 7, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate
Law Offices of Shea Fugate
PO Box 940989
Maitland, FL 32794

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration

---

[3] Due to the errors set forth above, the final decision is not supported by substantial evidence. Accordingly, it is unnecessary to consider Claimant's additional allegations. Nevertheless, on remand, the Commissioner should carefully consider the January 7, 2004 MRI, which appears to show impingement of the nerve root, and Dr. Hate's objective findings, which appear to show diminished sensation in the left hand and sluggish deep tendon reflexes. R. 292-302, 312.

61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Julia D. Gibbs
Administrative Law Judge
c/o Office of Disability Adjudication and Review
National Hearing Center
5107 Leesburg Pike
Falls Church, VA 22041